**OKLAHOMA STATE DEPARTMENT OF HEALTH and Oklahoma Water Resources Board, Appellants,**

v.

**W. J. LAMBERTON, Appellee.**

No. 78–1292.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted July 17, 1978.

Decided Sept. 11, 1978.

Amalija J. Hodgins, Asst. Atty. Gen., Oklahoma City, Okl. (Larry Derryberry, Atty. Gen. of Okl., Oklahoma City, Okl., on brief), for appellants.

Roger R. Scott, Oklahoma City, Okl. (Terry R. Doverspike and Pray, Scott, Williamson & Marlar, Oklahoma City, Okl., on brief), for appellee.

Before McWILLIAMS, BREITENSTEIN and DOYLE, Circuit Judges.

McWILLIAMS, Circuit Judge.

This is a companion case to *Hardage v. Atkins,* 582 F.2d 1264 (10th Cir. 1978). Our opinion in *Hardage* has been filed contemporaneously with the filing of this opinion. The reader of the present opinion should read *Hardage,* as background material recited therein will not be repeated here.

In the instant case, Lamberton, a disposer of controlled industrial waste in Tulsa, Oklahoma, brought an action in the United States District Court for the Northern District of Oklahoma seeking a declaratory judgment that the mandatory reciprocity provision of 63 O.S. § 2764 is in violation of the Commerce Clause. In connection therewith Lamberton sought a temporary injunction enjoining Oklahoma officials from enforcing 63 O.S. § 2764 against him and his business. After hearing, held upon notice, the trial court granted a temporary injunction, more accurately known as a preliminary injunction, enjoining the named defendants from enforcing the provisions of 63 O.S. § 2764 against Lamberton until final disposition of the case. The defendants then asked for a stay of the injunction and, when this request was denied, the defendants filed a notice of appeal. In this Court the defendants sought, and obtained, an order staying the trial court's prelimi-

nary injunction until final disposition of the present appeal. The appeal was then heard on an expedited basis.

For all practical purposes disposition of the present appeal is governed by our opinion in *Hardage v. Atkins, supra.* In *Hardage,* we have now held that the mandatory reciprocity provision of 63 O.S. § 2764 is unconstitutional because it violates the Commerce Clause. In support of our determination, see *City of Philadelphia v. State of New Jersey,* ── U.S. ──, 98 S.Ct. 2531, 57 L.Ed.2d 475 (1978); *Great Atlantic & Pacific Tea Company v. Cottrell,* 424 U.S. 366, 96 S.Ct. 923, 47 L.Ed.2d 55 (1976).

In view of *Hardage,* the matters raised by both the appellants and the appellee in their respective briefs are now academic. By *Hardage* we have now declared invalid the mandatory reciprocity provision in 63 O.S. § 2764 which Lamberton himself sought to invalidate. In such circumstance, we think the preliminary injunction entered by the trial court should be permitted to stand.

Our earlier order staying the preliminary injunction is vacated. Judgment affirmed.