582 F.2d 1264
 12 ERC 1043, 8 Envtl. L. Rep. 20,719
 Royal N. HARDAGE, Appellant,
v.
Walter D. ATKINS, Acting Commissioner of Health, State of
Oklahoma, and H. A. Caves, Director, Industrial
and Solid Waste Division, Department of
Health, State of Oklahoma, Appellees.
 No. 77-1613.
 United States Court of Appeals,
Tenth Circuit.
 Argued and Submitted July 17, 1978.
Decided Sept. 11, 1978.
 
 Clyde A. Muchmore, Oklahoma City, Okl. (Richard C. Ford of Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, Okl., on brief), for appellant.
 Amalija J. Hodgins, Asst. Atty. Gen., Oklahoma City, Okl. (Larry Derryberry, Atty. Gen. of Okl. and Barbara G. Rauch, Oklahoma City, Okl., on brief), for appellees.
 Before McWILLIAMS, BREITENSTEIN and DOYLE, Circuit Judges.
 McWILLIAMS, Circuit Judge.
 
 
 1
 The issue to be resolved is whether a statute of the state of Oklahoma regulating the disposal of controlled industrial waste is in conflict with the Commerce Clause of the United States Constitution, Article I, section 8, clause 3.
 
 
 2
 Oklahoma has enacted comprehensive legislation regulating the disposal of industrial waste. 63 O.S. § 2751, Et seq. Controlled industrial waste is defined in 63 O.S. § 2752 as being:
 
 
 3
 . . . (R)efuse products, either solid or liquid, which are to be disposed of, and which are toxic to human, animal, aquatic or plant life and which are produced in such quantity that they cannot be safely disposed of in properly operated, state-approved sanitary land fills, waste or sewage treatment facilities. . . .
 
 
 4
 The particular section of the Oklahoma statute under attack is 63 O.S. § 2764, which reads as follows:
 
 
 5
 The Section shall disapprove any plan which entails the shipping of controlled industrial waste into the State of Oklahoma, unless the state of origin of such waste has enacted substantially similar standards for controlled industrial waste disposal as, and has entered into a reciprocity agreement with, the State of Oklahoma. The determination as to whether or not the state of origin has substantially similar standards for controlled industrial waste disposal is to be made by the Director of the Controlled Industrial Waste Management Section, and all reciprocity agreements must be approved and signed by the Governor of Oklahoma.
 
 
 6
 Royal N. Hardage owns and operates a disposal facility in Oklahoma which has been approved and licensed by the state of Oklahoma for the receipt and disposal of controlled industrial waste. 63 O.S. § 2764, set forth above, forbids Hardage from receiving and disposing of controlled industrial waste from out-of-state unless: (1) the state of origin of such waste has enacted substantially similar standards for controlled industrial waste disposal as the state of Oklahoma and (2) the state of origin has also entered into a reciprocity agreement with Oklahoma. Texas has not entered into a reciprocity agreement with Oklahoma.
 
 
 7
 Hardage brought the present action in the United States District Court for the Western District of Oklahoma against Walter D. Atkins, Acting Commissioner of Health for the State of Oklahoma, and H. A. Caves, Director, Industrial and Solid Waste Division, Department of Health, for the State of Oklahoma. Hardage sought to have the mandatory reciprocity clause of 63 O.S. § 2764 declared unconstitutional as being in violation of the Commerce Clause, Article I, section 8, clause 3, of the United States Constitution.
 
 
 8
 The case was ultimately submitted to the trial court on stipulated facts. From that stipulation we learn that Oklahoma proposes to enforce the provisions of 63 O.S. § 2764 and to prevent the shipping of controlled industrial waste into Oklahoma from any state which has not entered into a reciprocity agreement with Oklahoma. Hardage, but for the provisions of 63 O.S. § 2764 and the threatened enforcement thereof by Oklahoma officials, proposed to receive controlled industrial waste from customers in Texas, which, as indicated, has not entered into a reciprocity agreement with Oklahoma. According to the stipulation the only issue was whether 63 O.S. § 2764, as applied to Hardage, violates the Commerce Clause.
 
 
 9
 The trial court held that the subject matter regulated by 63 O.S. § 2764, i. e., controlled industrial waste, is not an "article of commerce" and therefore is not afforded the protection of the Commerce Clause. It was solely on this basis that the trial court concluded, and declared, that 63 O.S. § 2764 did not violate the Commerce Clause. The trial court did go on to opine that if controlled industrial waste was entitled to the protection of the Commerce Clause, then the mandatory reciprocity clause in 63 O.S. § 2764 would, under Great Atlantic & Pacific Tea Co. v. Cottrell, 424 U.S. 366, 96 S.Ct. 923, 47 L.Ed.2d 55 (1976), be violative of the Commerce Clause. Accordingly, the trial court, being of the view that controlled industrial waste did not come within the purview of the Commerce Clause, denied Hardage's claim for relief and dismissed both the complaint and the cause of action. Hardage now appeals.
 
 
 10
 The basis for the trial court's holding, namely that controlled industrial waste is not within the purview of the Commerce Clause, has recently been held by the Supreme Court to be incorrect. See City of Philadelphia v. State of New Jersey, --- U.S. ----, 98 S.Ct. 2531, 57 L.Ed.2d 475 (1978). In that case the Supreme Court stated that all objects of interstate trade at the outset merit Commerce Clause protection and held that a New Jersey statute which banned the shipment into New Jersey of out-of-state waste violated the Commerce Clause. In our view, the City of Philadelphia case wipes out the basis for the decision by the trial court in the instant case, and no more on this point need be said. Counsel for Oklahoma at oral argument did not really argue the contrary, but rather sought to uphold the judgment of the trial court on a different ground.
 
 
 11
 As above indicated, the trial court stated that if controlled industrial waste was within the purview of the Commerce Clause, then, under Great Atlantic & Pacific Tea Company v. Cottrell, 424 U.S. 366, 96 S.Ct. 923, 47 L.Ed.2d 55 (1976), the mandatory reciprocity clause in 63 O.S. § 2764 would violate the Commerce Clause. Counsel for Oklahoma would distinguish the instant case from Cottrell. In our view they cannot be distinguished, and under Cottrell, as well as City of Philadelphia, the judgment in the instant case must be reversed.
 
 
 12
 In Cottrell, a Mississippi regulation provided that milk from another state could be sold in Mississippi only if the other state received and accepted milk produced in Mississippi on a reciprocal basis. The Supreme Court held that the mandatory character of the regulation's reciprocity requirement was in violation of the Commerce Clause. In Cottrell, the Supreme Court rejected the argument that the regulation served to maintain Mississippi's health standards by noting that even if the health standards of Louisiana, the state from which milk was sought to be shipped into Mississippi, were Lower than those of Mississippi, the regulation would nonetheless permit Louisiana milk to be shipped into Mississippi If Louisiana entered into a reciprocity agreement.
 
 
 13
 Applying the rationale of Cottrell to the stipulated facts in the instant case, we conclude that the mandatory reciprocity clause in 63 O.S. § 2764 is violative of the Commerce Clause. Even if Texas had higher standards than Oklahoma for the disposal of controlled industrial waste, such waste could not be shipped into Oklahoma unless Texas entered into a reciprocal agreement.
 
 
 14
 Although the statute involved in City of Philadelphia is slightly different than 63 O.S. § 2764, we believe that case is nonetheless supportive of our disposition of the instant appeal. There the New Jersey statute banned the importation into New Jersey from out-of-state of most solid and liquid waste. The Supreme Court stated that the crucial inquiry was whether the New Jersey statute was basically an economic protectionist measure, or only a local law directed at legitimate local concerns with only an incidental effect on interstate commerce. Using that test, the Supreme Court concluded that the New Jersey statute was purely an economic protectionist measure and violative of the Commerce Clause.
 
 
 15
 Applying the rationale of City of Philadelphia to the stipulated facts in the instant case, we conclude that 63 O.S. § 2764 is a form of protectionism in that out-of-state controlled industrial waste can under no circumstance be shipped into Oklahoma unless and until the state of origin enters into a reciprocal agreement with Oklahoma.
 
 
 16
 Judgment reversed and cause remanded for further proceedings consonant with the views herein expressed.