**Royal N. HARDAGE, Plaintiff-Appellee,**

v.

**Walter D. ATKINS, Acting Commissioner of Health, State of Oklahoma; and H. A. Caves, Director, Industrial and Solid Waste Division, Department of Health, State of Oklahoma, Defendants-Appellants.**

**No. 79–1147.**

United States Court of Appeals, Tenth Circuit.

Argued March 12, 1980.

Decided April 14, 1980.

872

Richard C. Ford, Oklahoma City, Okl. (Clyde A. Muchmore, Oklahoma City, Okl., with him on brief), of Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, Oklahoma City, Okl., for plaintiff-appellee.

John F. Percival, Norman, Okl. (Jan Eric Cartwright, Atty. Gen., J. Gregory Thomas, Asst. Atty. Gen., and Amalija J. Hodgins, Gen. Counsel, Oklahoma State Dept. of Health, Oklahoma City, Okl., with him, on brief), for defendants-appellants.

Roger R. Scott and Terry R. Doverspike of Pray, Scott, Williamson & Marlar, Tulsa, Okl., amicus curiae, for W. J. Lamberton.

Before SETH, Chief Judge, and DOYLE and McKAY, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

This is an appeal from a final judgment of the United States District Court for the Western District of Oklahoma. Reversal is sought of a judgment of the district court which held that a section of the Oklahoma Waste Disposal Act was unconstitutional. Okla.Stat. tit. 63, § 2764 (Supp.1978). The court held that the provision in question violated the Commerce Clause, Article I, Section 8 of the U.S. Constitution. The court also entered judgment permanently enjoining the defendants-appellants Atkins and Caves (Oklahoma health officials) from enforcing § 2764 of the subject act against the plaintiff.

The cause has been before this court previously. *See Hardage v. Atkins*, 582 F.2d 1264 (10th Cir. 1978).

In the present appeal, the defendants-appellants would have us clarify or interpret our prior opinion in *Hardage, supra*. The thrust of the argument is that we did not in our prior decision condemn the entire provision and hence the district court was not required to declare the entire provision unconstitutional. We are unable to make the distinction which appellants have requested.

The statute which is before us, § 2764 of Okla.Stat. tit. 63 (Supp.1978), provides:

> The [Controlled Industrial Waste Management Section] shall disapprove any plan which entails the shipping of controlled industrial waste into the State of Oklahoma, *unless the state of origin has enacted substantially similar standards* for controlled industrial waste disposal as, *and has entered into a reciprocity agreement* with, the State of Oklahoma. The determination as to whether or not the state of origin has substantially similar standards for controlled industrial waste disposal is to be made by the Director of the [Controlled Industrial Waste Management Section], and all reciprocity agreements must be approved and signed by the Governor of Oklahoma.

(Emphasis added.)

In *Hardage, supra*, we examined § 2764 and determined its invalidity in the light of the decision of the Supreme Court in *City of Philadelphia v. State of New Jersey*, 437 U.S. 617, 98 S.Ct. 2531, 57 L.Ed.2d 475

(1978). We also applied the decision of the Supreme Court in *Great Atlantic & Pacific Tea Co. v. Cottrell*, 424 U.S. 366, 96 S.Ct. 923, 47 L.Ed.2d 55 (1967). Our conclusion was that the "mandatory reciprocity clause in 63 O.S. § 2764 is violative of the Commerce Clause," *Hardage v. Atkins, supra*, 582 F.2d at 1266, and that:

> 63 O.S. § 2764 is a form of protectionism in that out-of-state controlled industrial waste can under no circumstance be shipped into Oklahoma unless the state of origin enters into a reciprocal agreement with Oklahoma.

582 F.2d at 1266–67. The cause was remanded "for further proceedings consonant with the views herein expressed." *Id.* at 1267. Following the remand, the district court declared section 2764 unconstitutional in its entirety.

Here the narrow question is whether the substantially similar standards requirement of the embattled section is a mandatory reciprocity provision which violates the Commerce Clause within the meaning of *Hardage v. Atkins*. The appellants argue that the statute contains two distinct requirements for shipment of out-of-state hazardous waste into Oklahoma. The first is that the state from which the shipment originated shall have enacted substantially similar standards for controlled industrial waste disposal as those which Oklahoma has enacted. The second requirement is that the state of origin has entered into a reciprocity agreement with Oklahoma. They further argue that our *Hardage* decision does not mandate holding that the "substantially similar standards" requirement is unconstitutional in the same way that the reciprocity agreement was determined to be. The "substantially similar standards" requirement is, they say, not at odds with the Commerce Clause. We disagree.

It is not denied that Oklahoma has a "legitimate local interest" in requiring that hazardous industrial wastes brought into the state of Oklahoma are disposed of in accordance with its standards of health and safety. *Great Atlantic & Pacific Tea Co. v. Cottrell, supra; Dean Milk Co. v. Madison*,

340 U.S. 349, 354, 71 S.Ct. 295, 297, 95 L.Ed. 329 (1951). But has Oklahoma chosen a means to achieve this goal which is in harmony with the Commerce Clause of the Constitution? Appellants maintain that the "substantially similar standards" requirement is much less exacting than the requirement that the states have a reciprocity agreement. They argue that merely to require that both states have standards which are substantially the same is less difficult to administer and imposes a requirement which is less burdensome than the requirement that there be reciprocity agreements—that with the "substantially similar" requirement there is no burden placed on the shipment itself. This argument overlooks the effect of the "substantially similar standards" requirement of the statute. It imposes an economic embargo on all incoming shipments, unless and until the state of origin enacts a law prescribing standards which are substantially similar to those of Oklahoma. It thus reaches out and seeks to force the enactment in the state of origin of a statute with standards similar to Oklahoma. Entry of the shipment even if conforming to Oklahoma standards would be denied until the provision was enacted. So, it can be said that the requirement is deceptively simple. In reality, however, Oklahoma is forcing its judgment with respect to hazardous wastes on its sister states "at the pain of an absolute ban on the interstate flow of commerce." *Great Atlantic & Pacific Tea Co. v. Cottrell, supra*, 424 U.S. at 380, 96 S.Ct. at 932. As we view the situation, Oklahoma cannot "use the threat of economic isolation as a weapon to force" other states to enact substantially similar legislation any more than Oklahoma can impose a reciprocity agreement against a sister state. *Id.* at 379, 96 S.Ct. at 932. Thus, the mandatory nature of the device or implement is the objectionable part.

Our conclusion is then that the "substantially similar standards" provision is not different from the required reciprocity agreement. Both constitute a mandatory scheme which violates the Commerce Clause. The "similar standards" require-

ment is within the scope of the decisions of the Supreme Court and is subject to our decision in *Hardage v. Atkins*, 582 F.2d 1264 (10th Cir. 1978).

The judgment of the district court is affirmed.